Santos Castillo **DE HERRERA,**
Petitioner,

v.

John **ASHCROFT,** Attorney
General, Respondent.

No. 02–73812.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2004.[*]

Decided Nov. 23, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Walter Rafael Pineda, Esq., Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Michael P. Lindemann, Esq., Ethan B. Kanter, Attorney, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

Santos Castillo de Herrera, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of her applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review the IJ's decision as the final agency determination. *See Falcon Carriche*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and deny the petition.

The IJ's adverse credibility finding is supported by substantial evidence. While "minor omissions relating to unimportant facts" will not support an adverse credibility finding, *de Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997), failure to include pivotal events in pre-hearing documentation can provide a specific and cogent reason for discrediting testimony. *See Wang v. INS*, 352 F.3d 1250, 1257 (9th

Cir.2003); *Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003). De Herrera testified to several events that she did not include in her 1993 asylum application, her 1995 rebuttal letter, or the declaration that she submitted in support of her asylum and withholding application in 1998. Most strikingly, De Herrera testified that she had been beaten while four months pregnant and lost her child, and that her father had been shot and seriously injured. These omissions are not minor and "relate to the basis for [the] alleged fear of persecution." *Leon–Barrios*, 116 F.3d at 393.

It follows that De Herrera did not satisfy the more stringent standard for withholding of removal. *See Lata*, 204 F.3d at 1244.

De Herrera's contention that the BIA's decision without opinion violated her due process rights is foreclosed by *Falcon Carriche*, 350 F.3d at 849–52; *see Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir.2004) (applying *Falcon Carriche* in the asylum context).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this Court's mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.